# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

DEC - 7 2007

**OFFICE OF THE CLERK**

| | |
|---|---|
| JOHN HUCK, TOM JONES, RAYMOND REISIG, REUBEN REISIG, LESTER OLSON, FORREST HICKMAN, JOHN WATSON, THOMAS SLUSHER, EUGENE GALLEGOS and JOHN MORRIS, individually and on behalf of all others similarly situated, | Case No. 06 CV 464 |
| Plaintiffs, | |
| vs. | |
| UNION PACIFIC CORPORATION and UNION PACIFIC RAILROAD COMPANY, | |
| Defendants. | |
| DAVID BLACKMORE, JERRY EUBANK, JEFFREY KLAPPRODT, JACOB MOORE, CHRIS NELSON, GEORGE OWEN, WILLIAM J. PLATT, WILLIAM PRICE, and CHRIS TUCKER, | Consolidated under Case No. CV 464 |
| Plaintiffs, | |
| vs. | (originally No. 06 CV 548) |
| UNION PACIFIC RAILROAD, | |
| Defendant. | |
| DAVID BOILES, RONALD HART, J.T. CULWELL, JR., JAMES BOSE, DON BRENT JOHNSON, TYLER GENE JONES, JACK D. LUGE, and WILLIAM BOSLEY, individually and on behalf of all similarly situated Union Pacific Employees, Former Employees and Contractors, | Consolidated under Case No. CV 464 |
| Plaintiffs, | (originally No. 06 CV 689) |
| vs. | |
| UNION PACIFIC CORPORATION a/k/a UNION PACIFIC, | |
| Defendant. | |

## ORDER OF FINAL APPROVAL AND JUDGMENT

The parties have made application, pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure, for an Order approving the class action settlement of

these consolidated actions in accordance with the parties' Class Action Settlement Agreement ("Agreement"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for such settlement. After a thorough review of the parties' briefs, the record evidence, applicable law, the single objection to the Settlement, and presentations by counsel, the Court issues the following Order on all pending motions in this matter.

## I.    **Background**

These three putative nationwide class actions arise from the theft or loss of Union Pacific employees' computers or mass storage devices (referred to as the "Data Breach Incidents"). In each of the Data Breach Incidents, computers or mass storage devices of Union Pacific, its employees, or its contractors were lost or stolen, and those computers and mass storage devices are believed (based on Union Pacific's internal investigation) to contain the personal information, including the names and Social Security Numbers, of 35,738 current and former Union Pacific employees from across the United States.

Following each of these Data Breach Incidents, Union Pacific sent a letter to every current and former Union Pacific employee whose personal information Union Pacific determined may have been contained in one of the computers or mass storage devices that was lost or stolen. In addition to alerting the recipients of those letters of the Data Breach Incidents, Union Pacific further offered to

-2-

provide identity theft protection by offering twelve months of a credit monitoring product through Equifax, as well as identity theft insurance protection with no deductible, all at no charge to the affected employees.

In the lawsuits, Plaintiffs assert a variety of claims generally alleging that Union Pacific acted negligently in failing to protect confidential employee information. The lawsuits are each brought on behalf of a putative class of similarly situated individuals. Each of these three lawsuits, which were previously consolidated by the Court, and each of the Data Breach Incidents, are the subject of the proposed Settlement.

On July 26, 2007, the Court conducted a preliminary approval hearing. On July 30, 2007, the Court issued an Order Preliminarily Approving Settlement and Certification of Settlement Class, Approving Class Notice, and Setting Schedule (the "Preliminary Approval Order"). In so doing, the Court found that the proposed class satisfied the criteria set out in Fed. R. Civ. P. 23(a) and 23(c) and certified a Settlement Class consisting of:

> All current and former employees of Union Pacific throughout the United States whom Union Pacific previously notified by letter that his/her name and Social Security Number may have been contained on a Union Pacific computer or Union Pacific mass storage device

-3-

that was lost or stolen in a Data Breach Incident between

April 1, 2006, and January 31, 2007.

Excluded from the class are: (i) all judicial officers in this Court and their families through the third degree of relationship; and (ii) and all elected officers of Defendants and Members of the Boards of Directors of Defendants.

The Data Breach Incidents included in this Settlement are as follows:

- April 29, 2006 – A Union Pacific employee's laptop computer was stolen in Omaha Nebraska.

- July 2006 – A Union Pacific employee's laptop computer was stolen in San Antonio, Texas.

- September 2006 – A Federal Railroad Administration contractor's computer was stolen in Atlanta, Georgia.

- October 2006 – A Union Pacific employee lost a laptop computer in central Texas.

- October 2006 – A Union Pacific employee's laptop computer was stolen in San Antonio, Texas.

-4-

● December 2006 – A Union Pacific employee's laptop computer was stolen in Salt Lake City, Utah.

● January 2007 – A Union Pacific employee's laptop computer was stolen in Forest Hill, Texas.

● January 2007 – A Union Pacific employee misplaced USB memory drive (or "memory stick"), in St. Charles, Illinois.

The Court also reviewed the proposed settlement and found that on a preliminary basis the terms appeared fair, reasonable and adequate. The Court also examined the notice that the parties proposed sending to Class Members (the "Class Notice"), and ordered the parties to provide the Class Notice to the certified Class.

In compliance with the Preliminary Approval Order, the Class Notice was sent via first-class U.S. Mail to members of the class, and all individual members of the Class were afforded the opportunity to opt-out or object to the Settlement. Notice and further information concerning the Settlement were also posted on a dedicated Settlement website starting on or about August 31, 2007, and that is continuing to the present. In addition, the third-party settlement administrator, Rust Consulting, administered a toll-free telephone Interactive Voice Response System ("IVR system"). The toll-free phone number for the IVR system was

provided on the Class Notice. The IVR system was established on August 31, 2007, and is continuing through the present. The IVR system provided Class Members with information on the Settlement, including answers to frequently asked questions. Rust Consulting also rented a post office box to receive Exclusion Requests, Objections, and other communications.

On December 7, 2007, the Court held a hearing (the "Settlement Fairness Hearing") to determine whether: (i) the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3); (ii) the proposed settlement, as set forth in the Agreement on the terms and subject to the conditions provided for therein, is fair, reasonable and adequate and should be approved by the Court; (iii) Class Counsel have adequately represented the interests of Class Members; (iv) Class Counsel's petition for attorneys' fees and expenses is due to be granted; (v) Class Counsel's request that each Class Representative receive an incentive payment of $500 should be granted; and (vi) an Order of Final Approval and Judgment should be entered. All persons present were given the opportunity to be heard. The Court has reviewed and considered all of the pleadings, motions, and papers filed in connection therewith, all of the presentations and evidence submitted at the hearing in support of the Settlement, and the submissions and arguments of the sole objector.

-6-

## II.    Findings of Fact and Conclusions of Law

The proposed Settlement having been presented, and having fully been considered by the Court, the Court makes the following findings of fact and conclusions of law:

### A.    Settlement Discussions

1.    Both before and after the hearing on December 7, 2006, the parties engaged in settlement discussions. At the hearing on December 7, 2006, the parties informed the Court that they intended to engage the services of a professional mediator to assist in settlement negotiations. The parties then participated in a mediation presided over by Michael G. Mullin, Esq. The mediation took place in Omaha, Nebraska, on February 2, 2007, and lasted a full day. As a result of the mediation, the parties reached agreement on the overall structure and key elements of a class-wide settlement.

2.    Settlement discussions over the many details of the settlement continued after the mediation. The Court was kept apprised of the status of those negotiations, and recognizes that the settlement discussions were at arms'-length and were hard fought.

### B.    The Objections Have Been Minimal, and a Small Number of Class Members Opted Out.

3.    In the consolidated lawsuits, there are a total of 35,738 Class Members. To date, there have been formal objections filed by a single Class

Member filed on behalf of himself. The statistics with respect to Class Members opting out of the Settlement also evidence a lack of opposition to the Settlement. Only seventy-one Class Members timely opted out, and a single individual attempted to opt out after the deadline, although upon examination it was determined that he is not a Member of the Class and in any event his opt-out request was untimely.

## C.  Benefits of the Settlement

4.  The Settlement provides Class Members with a simplified arbitration process that allows any Settlement Class Member who contends that he or she has incurred out-of-pocket damages as a result of identity theft attributable to a Data Breach Incident to elect to seek 50% of his or her damages. The simplified arbitration will be presided over by a neutral arbitrator from Werner Institute for Negotiation and Dispute Resolution at the Creighton University School of Law.

5.  Because the arbitration is designed to be streamlined, it is expected that claimants will not need an attorney for the arbitration, information will be submitted to the arbitrator by letter, and there will be no in-person hearing – although the arbitrator may convene a brief telephone conference.

6.  Initiating an arbitration is simple.  Any Settlement Class Member who believes that he or she is the victim of identity theft can complete a

straightforward claim form and letter of explanation at any time over the next three years to initiate the process. Union Pacific is responsible under the Settlement to pay the arbitrator's fees. Also, arbitrations can be initiated for up the three years after the Settlement become final.

7.     If a Settlement Class Member submits a valid claim form, a presumption (rebuttable only be clear and convincing evidence) will be created that the identity theft experienced by the claimant within the relevant time period was the result of a Data Breach Incident, and that any compensatory damages attributable to such identity theft was caused by a Data Breach Incident.

8.     In exchange for the presumptions in favor of the claimant and the simplicity of the process, the arbitrator will award 50%, not 100%, of a prevailing claimant's damages. There is also a maximum recovery of $25,000 per class member. The total amount of money being made by Union Pacific under the proposed Settlement to pay these arbitration claims is capped at $550,000.

9.     The proposed injunctive relief is multi-faceted and comprehensive. It includes many steps designed to reduce the possibility of and impact of any future data breach. The components of the injunctive relief provide the Class with significant relief by mandating specific changes to the way in which Defendants have historically stored and maintained confidential employee information.

-9-

**D.    Attorneys' Fees**

10.    As part of the Settlement Agreement, Defendant have agreed to pay attorneys' fees and costs up to $350,000, and Settlement Class members are not responsible for any portion of those fees. In most class action cases, and in any contingency fee case, Class Counsel would be entitled to seek attorneys' fees and costs directly from any cash recovery to the Class Members. Under the Settlement Agreement, however, Class Counsels' fees and cost of up to $350,000 are being paid separately by Defendant.

11.    There has been no objection to the amount of fees and expenses sought by Class Counsel.

12.    The Court believes that Class Counsel were highly professional, creative, and tenacious in pursuing a novel theory of recovery on behalf of the Class. Through the efforts of Class Counsel, the Class has been provided the benefits of the simplified arbitration process and the injunctive relief, which the Court regards as substantial. Without the efforts of Class Counsel, the Settlement would not have been possible.

**E.    Notice**

13.    Defendants have also agreed to bear the costs of providing Class Notice and administering the Settlement. Defendants have agreed to provide notice at their own expense to the Class Members, and they have also established a

-10-

Settlement website and an IVR system to publish Settlement papers and provide

helpful information about the Settlement.

## NOW THEREFORE, IT IS HEREBY ADJUDGED, ORDERED, AND

### DECREED that:

1. Plaintiffs' and Defendants' joint motion for final approval of the class action settlement is GRANTED.

2. This Order and Final Judgment incorporates the Class Action Settlement Agreement and all exhibits, documents, and previous orders of this Court incorporated therein. The capitalized terms used in this Order and Final Judgment shall have the same meaning as those in the Settlement Agreement.

3. On July 30, 2006, this Court conditionally certified, for purposes of settlement only, the Settlement Class defined in that Order. The Court now confirms that all of the requirements of Rule 23 of the Federal Rules of Civil Procedure for certification of a Settlement Class, which were set forth in the Court's July 30, 2006, Order, have been met. Accordingly, the Settlement Class is finally certified, consisting of the following persons:

> All current and former employees of Union Pacific
>
> throughout the United States whom Union Pacific
>
> previously notified by letter that his/her name and Social
>
> Security Number may have been contained on a Union
>
> Pacific computer or Union Pacific mass storage device
>
> that was lost or stolen in a Data Breach Incident between
>
> April 1, 2006, and January 31, 2007.

Excluded from the class are: (i) all judicial officers in this Court and their families through the third degree of relationship; and (ii) and all elected officers of

Defendants and Members of the Boards of Directors of Defendants.The Data Breach Incidents included in this Settlement are as follows:

- April 29, 2006 – A Union Pacific employee's laptop computer was stolen in Omaha Nebraska.

- July 2006 – A Union Pacific employee's laptop computer was stolen in San Antonio, Texas.

- September 2006 – A Federal Railroad Administration contractor's computer was stolen in Atlanta, Georgia.

- October 2006 – A Union Pacific employee lost a laptop computer in central Texas.

- October 2006 – A Union Pacific employee's laptop computer was stolen in San Antonio, Texas.

- December 2006 – A Union Pacific employee's laptop computer was stolen in Salt Lake City, Utah.

- January 2007 – A Union Pacific employee's laptop computer was stolen in Forest Hill, Texas.

-12-

● January 2007 – A Union Pacific employee misplaced USB memory drive (or "memory stick"), in St. Charles, Illinois.

4. This Order is binding on all Settlement Class Members, excluding all persons who timely submitted a valid Request for Exclusion from the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, who are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it. A list of those persons who timely submitted a valid Request for Exclusion is attached to this Order as Exhibit A.

5. The Notice provided for and given to the Settlement Class constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Fed. R. Civ. P. 23. As attested by the Affidavits submitted by the parties, the Notice provisions set out in the Preliminary Approval have been accomplished.

6. The Court has considered the legal requirements for evaluating the fairness of a class action settlement, the discretion accorded to the trial court to evaluate the fairness of a class action settlement, and the public policy factors that favor settlement of class action lawsuits.

7. The Court is aware of the lengthy settlement discussions between the parties, was kept informed by the parties of the status of those negotiations during the negotiation process, and finds that the Settlement Agreement has been entered into in good faith following arms'-length negotiations, and that it is non-collusive.

8. The Court further finds that benefits provided under the Settlement Agreement have significant value, particularly in light of the obstacles facing the Class in pursuing those claims. Moreover, any settlement typically does not yield one-hundred percent recovery for plaintiffs, because settlements by their very nature involve compromise.

9. In addition, the injunctive relief that Defendants have agreed to for purposes of Settlement directly addresses the issues

-13-

raised by Plaintiffs in their Complaints. As such, the injunctive relief has significant value for all members of the Settlement Class.

10. Accordingly, the proposed Settlement of the Actions on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, in the best interest of the Settlement Class, and is hereby approved.

11. The Identity Theft Claim Form, previously provided to the Court and which is attached hereto as Exhibit B, is approved as to form and content.

12. The Court, having considered the single objection submitted to it by RL Behne, overrules that objection because the objection is incorrect and fails to understand the nature of a settlement. In particular, the objector fails to realize that courts have held there is no legal right to any credit monitoring, let alone a lifetime of credit monitoring, following a data breach incident. Accordingly, that objection is overruled.

13. The consolidated lawsuits are dismissed on the merits, with prejudice and without costs to any party, except as provided in the Settlement Agreement. Each and every Settlement Class Member who has not excluded himself from the Settlement Class hereby releases Defendants from the Released Claims, as defined by the Settlement Agreement.

14. The failure of any Settlement Class Member to claim or obtain any relief made available under the Settlement Agreement shall not affect the releases herein. As to any Settlement Class Member who otherwise would be entitled to receive benefits under this Settlement Agreement and who for any reason fails to submit an Identity Theft Claim Form by the deadline established by the Court, all rights of such Settlement Class Member to receive benefits in this Action shall lapse and be forfeited. Defendants shall not be required to remit any additional consideration to claiming Settlement Class Members on account of forfeiture by any Settlement Class Member.

15. The terms of the Settlement Agreement, including the release provided to Defendants, and this Order and Final Judgment shall forever be binding on, and shall have res judicata and preclusive effect in all pending and future lawsuits maintained by or on behalf of, the Plaintiffs or any other member of the Settlement Class, as well as their heirs, executors and administrators, successors and assigns, or anyone on their behalf.

16. All Settlement Class Members are barred and enjoined from instituting, prosecuting or continuing to prosecute any claims that are Settled Claims against the Defendants.

17. Each Settlement Class Member shall be deemed to have relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state or federal law, rule, or regulation that purports to restrict the scope of a release to claims that the party knows or suspects to exist in his favor, regardless of whether knowledge of such a claim would have materially affected his settlement with the other party.

18. Defendants shall comply with the affirmative relief provisions in Paragraph 6.2 of the Settlement Agreement within the time-frame specified in the Settlement Agreement, and the Court specifically retains jurisdiction of the Actions for the purpose of interpretation of, compliance with, or enforcement of the Settlement Agreement, including the affirmative relief provisions contained therein.

19. Plaintiff's motion for award of attorneys' fees and expenses is GRANTED for the reasons described above. Class Counsel are awarded attorneys' fees and expenses of $350,000. The Court further awards the Class Plaintiffs (as that term is defined in Paragraph 1.2 of the Settlement Agreement), an incentive award of $500 each for their time and expense in this matter. Defendants are ordered to pay these amounts in accordance with the terms of the Settlement Agreement.

20. Without affecting the finality of this Order and Final Judgment, this Court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement, including the Defendants, and all Settlement Class Members, to administer, supervise, construe, and enforce the Settlement Agreement and this Order and Final Judgment in accordance with their terms for the mutual benefit of the parties and the Settlement Class. The Court retains continuing and exclusive jurisdiction for purposes of, among other things, the oversight of the Arbitration process made available to Settlement Class Members under the Settlement Agreement, the payment of awards to Settlement Class Members, claims administration, the distribution of and payment of related fees and expenses, and the enforcement of the affirmative relief provisions of the Settlement Agreement, until the effectuation of the Settlement in accordance with the Settlement Agreement has been accomplished.

-15-

21. The Settlement Agreement, Order and Final Judgment, and all papers related to the Settlement are not, and shall not in any event be, an admission by Defendants, or any other person, of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any claimed liability or wrongdoing whatsoever in this or any future proceeding.

**DONE** and **ORDERED** this 7th day of December, 2007.

BY THE COURT:

LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT JUDGE

-16-

| #eq | Rust ID | Name | Address | City | State | ZipCode |
|---|---|---|---|---|---|---|
| 1 | 000095556 | ADKINS, JAMES | PO BOX 1691 | POCATELLO | ID | 83204 |
| 2 | 000017077 | ANDERSON, LARRY | PO BOX 3526 | LK HAVASU CTY | AZ | 86405 |
| 3 | 000095631 | ANNEN, JASON | 11300 N RIO VISTA RD TRLR C9 | POCATELLO | ID | 83202 |
| 4 | 000341677 | ARELLANO, C. | 2158 S 35TH ST | MILWAUKEE | WI | 53215 |
| 5 | 000242059 | AYERS, RONALD | 3405 TULL PL | MUSKOGEE | OK | 74403 |
| 6 | 000235631 | BANKS, MARTIN | 2878 PUENTA ST | LAS VEGAS | NV | 89121 |
| 7 | 000316774 | BARNES, CHARLES | 102 KENSHIRE CT | WEATHERFORD | TX | 76086 |
| 8 | 000012584 | BEARD, STEVEN | 122 MILLER CV | MARION | AR | 72364 |
| 9 | 000227940 | BERKES, DALE | 6211 KENTUCKY RD | PAPILLION | NE | 68133 |
| 10 | 000136518 | BISHOP, ROBERT | 801 N 11TH ST APT 2 | MARYSVILLE | KS | 66508 |
| 11 | 000160797 | CAMPBELL, GARY | 2785 RADCLIFFE DR | FLORISSANT | MO | 63031 |
| 12 | 000236034 | CHIDESTER, JACK | 817 ARROWHEAD TRAIL | HENDERSON | NV | 89002 |
| 13 | 000096225 | CLAYTON, RONALD | 1375 DELPHIC WAY | POCATELLO | ID | 83201 |
| 14 | 000096263 | COMBS, WALTER | 409 CRESCENT DR | POCATELLO | ID | 83201 |
| 15 | 000016896 | CONWAY, ROBERT | 10782 S MORNINGSIDE DR | GOODYEAR | AZ | 85338 |
| 16 | 000093804 | COX, WILLIAM | 870 7TH ST | IDAHO FALLS | ID | 83401 |
| 17 | 000303354 | DAVIS, LLOYD | 16514 FRONT ROYAL ST | SAN ANTONIO | TX | 78247 |
| 18 | 000096348 | DAVIS, RICHARD | 715 CHERRY ST | POCATELLO | ID | 83201 |
| 19 | 000096355 | DAVIS, ROBERT | 1737 DORSET ST | POCATELLO | ID | 83201 |
| 20 | 000135443 | DAVIS, RUSSELL | 3 TIMBER LAKE RD | LANE | KS | 66042 |
| 21 | 000096362 | DAWSON, KEVIN | 5085 ARAPAHOE ST | POCATELLO | ID | 83204 |
| 22 | 000245531 | DEWEY, DEXTER | 1930 HARRIS ST | EUGENE | OR | 97405 |
| 23 | 000042475 | DOLL, PATRICIA | 24921 MUIRLANDS BLVD SPC 263 | LAKE FOREST | CA | 92630 |
| 24 | 000206242 | DUFFY, DENNIS | 13824 CHARLES ST | OMAHA | NE | 68154 |
| 25 | 000244244 | EARLY, BRIAN | 915 N 1ST ST | CRESWELL | OR | 97426 |
| 26 | 000258166 | ELLER, J. | 3825 WHEAT DR | BEAUMONT | TX | 77706 |
| 27 | 000316200 | ELLIS, D. | 2925 S MAIN ST | VIDOR | TX | 77662 |
| 28 | 000259774 | FINCHER, SHADRICK | 363 COUNTY ROAD 4799 | BLOOMBURG | TX | 75556 |
| 29 | 000125079 | FISCUS, KEITH | 520 STONEFIELD DR | SMITHTON | IL | 62285 |
| 30 | 000185554 | FOSTER, CHARLES | 50 LA PLATTE RD | KEARNEY | NE | 68845 |
| 31 | 000134200 | FRIEDLI, RODNEY | 1638 500 AVE | HOPE | KS | 67451 |
| 32 | 000234191 | GEGEN, TIMOTHY | 504 ASH ST | BOULDER CITY | NV | 89005 |
| 33 | 000150699 | GRIFFIN JR, MAX | 190 FOUNTAIN VW | SHREVEPORT | LA | 71118 |
| 34 | 000093835 | GRIGGS, THOMAS | 495 HOLBROOK DR | IDAHO FALLS | ID | 83401 |
| 35 | 000068857 | HODSON, MATTHEW | 1506 SIOUX BLVD | FORT COLLINS | CO | 80526 |
| 36 | 000096898 | HOFFA, JASON | 426 LARK LN | POCATELLO | ID | 83201 |
| 37 | 000050654 | HUBIAK, ROBERT | PO BOX 1747 | PORTOLA | CA | 96122 |
| 38 | 000118385 | JACKSON, MARY | 13 OAK VALLEY DR | MARYVILLE | IL | 62062 |
| 39 | 000211772 | JACOBSON, DENNIS | 9720 NOTTINGHAM DR | OMAHA | NE | 68114 |
| 40 | 000010436 | JONES JR, JACK | 705 EAST ST | WHITE HALL | AR | 71602 |
| 41 | 000003957 | KIMMONS, ROY | 13 PIN OAK LN | GREENBRIER | AR | 72058 |
| 42 | 000259972 | KIRKPATRICK, LARRY | 909 FM 273 | BONHAM | TX | 75418 |
| 43 | 000299336 | LANE, ROBERT | 2209 MONICA LN | PALESTINE | TX | 75803 |
| 44 | 000300001 | LEWIS JR, EULIE | 3419 SOUTHDOWN DR | PEARLAND | TX | 77584 |
| 45 | 000305020 | LOPEZ, JOSE | 8923 DEER PARK | SAN ANTONIO | TX | 78251 |
| 46 | 000097284 | LORENTZSON, MICHELE | 649 PACKARD AVE | POCATELLO | ID | 83201 |
| 47 | 000097338 | MALAND, BRYAN | 1867 DELMAR ST | POCATELLO | ID | 83201 |
| 48 | 000245883 | MAZE, JEFF | 2155 LAKE ISLE CT | EUGENE | OR | 97401 |
| 49 | 000055543 | MCCLURE, GAYLE | 8323 HANOVER ST | OMAHA | NE | 68122 |
| 50 | 000195294 | OLSON, LONNIE | 813 W 5TH ST | NORTH PLATTE | NE | 69101 |
| 51 | 000007474 | POTTS, CAROLYN | 222 CHANTILLY CIR | MAUMELLE | AR | 72113 |
| 52 | 000219860 | POWERS, CHRISTINE | 6512 N 160TH AVE | OMAHA | NE | 68116 |
| 53 | 000002936 | RANNENBERG, CHARLES | 2140 MAPLEWOOD DR | CONWAY | AR | 72032 |
| 54 | 000097925 | RHOADS, ROBERT | 918 JESSIE AVE | POCATELLO | ID | 83201 |

EXHIBIT "A"

| seq | Rust ID | Name | Address | City | State | ZipCode |
|---|---|---|---|---|---|---|
| 55 | 000196208 | ROBERTSON, GREGG | 2107 E E ST | NORTH PLATTE | NE | 69101 |
| 56 | 000277617 | RUSSELL, JASON | 6104 IVY HILL RD | FORT WORTH | TX | 76135 |
| 57 | 000087841 | SCHAFER, DEAN | 806 S 6TH AVE | MARSHALLTOWN | IA | 50158 |
| 58 | 000133166 | SCHMITZ, GREGORY | 2833 ALL AMERICAN RD | HANOVER | KS | 66945 |
| 59 | 000093286 | SIMPSON, CURT | 444 ROANOKE DR | CHUBBUCK | ID | 83202 |
| 60 | 000238311 | SLAGHT, STEVEN | 22640 S HICKEY CT | ZACHARY | LA | 70791 |
| 61 | 000114578 | SMITH, ROBERT | 355 SANDRA CT | GLENDALE HTS | IL | 60139 |
| 62 | 000092296 | SOUTHWOOD, TORY | 261 COLLINS ST | BLACKFOOT | ID | 83221 |
| 63 | 000339063 | SPURRIER, RICHARD | 10014 NE 86TH CT | VANCOUVER | WA | 98662 |
| 64 | 000164153 | STRATMAN, LEO | 408 HUTTON LN # A | JEFFERSON CTY | MO | 65101 |
| 65 | 000197441 | SUTHERLIN, ERNEST | 727 S VINE ST | NORTH PLATTE | NE | 69101 |
| 66 | 000172073 | SYRING, MARC | 2292 S TURNBERRY AVE | ZACHARY | LA | 70791 |
| 67 | 000110211 | THIELEMANN II, DANIE | 9843 GETTLER ST | DYER | IN | 46311 |
| 68 | 000279758 | VAUGHN, RICHARD | 2832 BRADFORD OAKS DR | MCKINNEY | TX | 75071 |
| 69 | 000098779 | WOOTEN, JERRY | 1684 POCATELLO CREEK RD | POCATELLO | ID | 83201 |
| 70 | 000295840 | WYNNE, HOLLIS | 598 IRVIN MCCLELLAND RD | MARSHALL | TX | 75672 |
| 71 | 000064859 | YEDLICK, ANDY | 1141 CALLE LOMAS DR | EL PASO | TX | 79912 |

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

# UNION PACIFIC DATA BREACH SETTLEMENT
# IDENTITY THEFT CLAIM FORM AND INSTRUCTIONS

The "Notice of Your Rights in the Data Breach Class Action Settlement" (the "Notice") describes a claims arbitration procedure if you wish to seek a monetary payment under the Settlement. These are the instructions and Claim Form. Once you have completed the Claim Form and the Claim Explanation Letter (described below), mail this Claim Form and the Claim Explanation Letter to the addresses provided below. You must mail your Claim Form and Claim Explanation Letter no later than three years after the Settlement is effective. You can find out whether the Court approved the Settlement, and the specific deadline by which Claim Forms must be submitted, by visiting www.up.com/settlement or by calling 1-800-760-4821. You will receive further information after you submit your form.

Before completing this form, please refer to the information in Section 4.B of the Notice for information on the types of damages and limitations on your recovery, as well as for more details including an explanation of the arbitration process provided for under the Settlement. The Notice was already provided to you, but you can get another copy by visiting the website listed below or by calling the phone number listed below.

## A.    Name and Address:

First Name:_____    Middle Initial:_____    Last Name:_____

Mailing Address:_____

City, State, Zip Code:_____

Telephone: (____)_____

## B.    Claim Explanation Letter:

In order to initiate an arbitration as explained in Section 4.B of the Notice (*available at* www.up.com/settlement/attachments/notice.pdf), you are required to submit along with this Claim Form a letter, not exceeding ten (10) double spaced pages in length (the "Claim Explanation Letter"), which you must submit under penalty of perjury. The Claim Form and the Claim Explanation Letter will be provided to an independent arbitrator, who will decide whether or not your claim should be approved. In your letter, you should explain to the arbitrator the basis for your claim that you have been the victim of identity theft and the amount of out-of-pocket damages you believe you have incurred. Include as many details as you can to support your claim. In addition to whatever other information you want the arbitrator to consider, you should include the following information in your Claim Explanation Letter:

(1)    The basis of your claim that you are or were the victim of identity theft, including:
   (a) How you believe your identity has been stolen or misused.
   (b) When you believe it happened.
   (c) When you became aware of the identity theft.
   (d) How you became aware of your identity theft.

(2)    What steps you took in response to the identity theft, including:
   (a) Who you reported it to, if anyone.
   (b) Anything you did to try to put a stop to the identity theft.

(3)   If you did submit a police report, include the results of the report. (Note: You are strongly encouraged to file a police report. If you have a copy of the police report or the result of the police investigation, you are encouraged to provide copies along with your Claim Explanation Letter, although you are not required to do so in order to seek a payment in an arbitration.)

(4)   If credit was obtained in your name by an identity thief without your permission:
   (a)   Describe your attempts to dispute your responsibility for those charges with the creditor or the three national credit bureaus. (An explanation on how to dispute charges is provided below).
   (b)   Identify who was the merchant or creditor.
   (c)   Describe how was it resolved (for example, did you have to pay any of the disputed charges).

(5)   For your loss (the damages you are claiming):
   (a)   Describe the nature of your loss from this identity theft. In other words, describe how you have been harmed by the identity theft.
   (b)   Indicate the dollar amount you are claiming.
   (c)   Provide an explanation how you arrived at that dollar amount.

(6)   Other
   (a)   Provide any other information you may want to submit that you believe supports your claim and the damages you seek.

## C.   Documentation:

You should provide all documentation you have available to substantiate your claim that you were the victim of identity theft as well as all documentation establishing the losses you are claiming. Examples of documentation you may wish to submit include copies of bills, invoices, debt collection letters, correspondence disputing charges, and other communications to/from merchants, credit bureaus, and/or collection agencies, as well as any police reports. You should also enclose documentation showing that you disputed responsibility for any improper charges you claim were the result of identity theft, along with the response to any such disputes. Further, if you are seeking reimbursement for attorney or legal expenses you reasonably incurred in connection with actual or suspected identity theft (which are capped under the Settlement at $500), you must provide an itemized invoice from your attorney.

## D.   Where to Send this Form:

The Identity Theft Claim Form, Claim Explanation Letter, and any accompanying documents must be mailed to both of the following no later than the three years from the Effective Date of the Settlement:

Werner Institute for Negotiation
 and Dispute Resolution
Creighton University School of Law
2500 California Plaza
Omaha, Nebraska 68178

Union Pacific Data Breach Settlement
c/o Rust Consulting, Inc.
P.O. Box 1900
Faribault, Minnesota 55021-7155

## E. Declaration (Required):

I declare under penalties of perjury as follows: (1) the information provided in the claim explanation letter is true and correct; and (2) any documents that I have included along with my claim explanation letter are authentic, true and correct copies (or originals) of the documents that they purport to be.

Signature:_____        Date:_____

# ADDITIONAL INFORMATION ON RESPONDING TO IDENTIFY THEFT, INCLUDING HOW TO DISPUTE CHARGES WITH A CREDITOR AND THE CREDIT BUREAUS

## KEEP THIS INFORMATION FOR YOUR FILES.  YOU DO NOT NEED TO SUBMIT THIS IN ORDER TO INTIATE AN ARBITRATION.

### 1.    Review Your Account Statements and Credit Report:

As a general matter, if you believe you are the victim of identity theft, you should review your financial account statements promptly and carefully, review your credit reports, and monitor your credit reports once a year thereafter. For more information on getting your credit reports free once a year or buying additional reports, read Your Access to Free Credit Reports at www.ftc.gov/bcp/conline/pubs/credit/freereports.shtm.

You may also chose to place a "fraud alert" on your credit file. A fraud alert advises potential creditors that you may have been a potential victim of fraud and provides telephone contact information for the creditor to contact you. The alert lasts for 90 days. There is no charge for this service.

To place a fraud alert, call any of the three credit reporting agencies listed below:

| **EXPERIAN** | **EQUIFAX** | **TRANSUNION** |
|---|---|---|
| (888) 397-3742 | (877) 478-7625 | (800) 680-7289 |
| www.experian.com | www.equifax.com | www.transunion.com |

If your confidential information has been misused, be sure to file a report about your identity theft with the police, and file a complaint with the Federal Trade Commission at www.consumer.gov/idtheft.

Further information on how you can protect yourself can be found at the website of the Federal Trade Commission, at
**http://www.ftc.gov/bcp/edu/microsites/idtheft/**.

### 2.    How to Dispute Fraudulent Charges on an Existing Account with the Credit Bureaus:

Before contacting the credit bureaus, make sure you have:

• Reviewed and clearly circled, marked, or highlighted all incorrect information on your credit reports.

• Located the reference, report, file, or confirmation number on each credit report.

• Located the toll-free telephone contact number on each credit report.

• Obtained copies of any complaint you filed with a law enforcement agency.

For more information, visit the credit bureau websites at the phone numbers and websites provided above.

Next, telephone the credit bureau. Be sure to write down the instructions you receive from the representative. Follow-up with a letter. You may need to provide copies of identification documents, account statements, and the complaint you filed with a law enforcement agency. Attach a copy of the page of your credit report with the compromised account clearly marked.

### Here is a sample credit bureau dispute letter:

*Date*

*Name of Credit Bureau*
*Mailing Address Provided on Credit Bureau Report*
Re: *Reference, Confirmation, File, or Report Number*
*Your Full Name*
*Your Complete Address*

To Whom It May Concern:

Per our telephone conversation on _____, I am a victim of identity theft. Charges were made on my account(s) that I did not authorize. Please block the fraudulent information below from appearing on my credit file.

*List the compromised account(s) appearing on your credit report(s). For each account, include the:*

• *Name of company*
• *Your account number*
• *Date of each fraudulent charge on the account*
• *Amount of each fraudulent charge on the account*

I have clearly marked the fraudulent charge(s) on my credit bureau report and enclosed a copy of the page(s). Also enclosed is a copy of:

*List the supporting documentation enclosed with this letter.*

• *If you received an account statement or debt collection notice showing the fraudulent charges, state it here and attach a copy to this letter.*

• *If the credit bureau requests copies of identity documents, list the documents here and attach a copy to this letter. You may be requested to provide a copy of your telephone or utility bill, driver's license, and your Social Security card. Never send original documents.*

• *If you filed a complaint with a law enforcement agency, state it here and attach a copy to this letter.*

Sincerely,

### 3.    How to Dispute Fraudulent Charges on an Existing Account with the Creditors:

Contact the companies and financial institutions where your imposter made fraudulent charges on your accounts.

Notify each that you are a victim of identity theft.

Telephone each creditor. Write down the instructions you are given. Ask where to send your dispute letter. *The mailing address may be different from the address for remitting account payments.* Enclose all supporting documentation requested by the creditor with your letter.

### Here is a sample dispute letter for an existing creditor:

*Date*

*Name of Company or Financial Institution*
*Attention: Fraud Department*
*Mailing Address of Company or Financial Institution*
Re: *Account Number*
*Your Full Name*
*Your Complete Address*
*Your Telephone Number*

To Whom It May Concern:

I am a victim of identity theft. Charges were made on my account that I did not authorize. *List all unauthorized charges to your account here. Include the date and amount of each charge.* Per our telephone conversation on _____, I have enclosed copies of:

*List the supporting documentation enclosed with this letter:*

• *If the unauthorized charges appear on your account statement or you received a collection notice, state it here and attach a copy to this letter.*

• *If the creditor requests copies of identity documents, list the documents you enclosed. Never send the originals.*

• *If you filed a complaint with a law enforcement agency, state it here and attach a copy to this letter.*

I request the fraudulent charges be removed from my account. Send me a letter confirming that the account has been corrected. Please notify the three major credit bureaus to remove this information from my credit files.

Sincerely,